## FREDERIKA SCHNEIDER v. JOHN J. CURRAN.

1. PAROL CONTRACT FOR LEASE WITHIN STATUTE OF FRAUDS.

A parol contract for a lease between landlord and tenant, and the tenant in possession under a prior verbal lease, is within the statute of frauds and void, and the continued possession of a tenant does not alone take such contract out of the operation of the statute; there must be a new possession taken to to do this.

2. HOLDING OVER UNDER VERBAL CONTRACT CANNOT EXCEED ORIGINAL TERM.

If the original verbal contract of lease was for a term of seven months only, and the tenant holds over and the landlord elects to treat him as a tenant, such tenant cannot be held for the period of a year, but only for seven months, the length of the original term.

ERROR to the Court of Common Pleas of Lucas county.

HULL, J.

This case comes into this court on petition in error, filed by Frede-rika Schneider, to reverse the judgment of the court of common pleas.

The action was brought by the defendant in error, John J. Curran, who was plaintiff below, to recover thirty dollars of the defendant below

which he claimed was due him for one month's rent of certain premises in the city of Toledo. He claims that on or about December 1, 1896, he entered into a contract with defendant to lease to her certain premises, at the rate of thirty dollars per month, from December 1, 1896, until July 1, 1897; and upon the further condition and agreement, that in case the tenant, Fredericka Schneider, did not give him notice of her intention to leave the premises thirty days before July 1, 1897, that that should be taken to be and regarded as an intention and agreement on her part to occupy the premises for a period of one year more, after July 1, 1897, to-wit, until July 1, 1898.

The defendant, in her answer, denies that she made such a contract with the plaintiff, as is claimed by him in his petition; and she claims further, and alleges in her answer, that "on or about the first day of July, 1897, she made a verbal lease of said premises with the plaintiff for one year from the first day of July, 1897, with the condition that if either plaintiff or this defendant should at any time desire to terminate said lease, they or either of them could do so by giving verbal notice of thirty days; and this defendant avers that in pursuance of said agreement she gave plaintiff thirty days' notice of her desire to terminate said lease on the first day of January, 1898, and before the first day of February, 1898, she surrendered said premises to plaintiff, who accepted said surrender. That she has paid all rent to February 1, 1898." She admits that she was in possession of said premises until about January 28, 1898, at a rental of thirty dollars per month, but she denies that the contract of lease set forth in said amended petition was ever entered into by her.

The parties agree that under some contract these premises were leased by John J. Curran to Frederika Schneider, on or about December 1, 1896, and that she continued to occupy them until either the last of January or the first of February, 1898, at the rate of thirty dollars per month, and that the rent was paid up to the first of February, 1898, at that rate. It is admitted all around that on or about December 1, 1896, the defendant below, Frederika Schneider, entered into possession of these premises and paid this rent for the time that I have indicated, and she was in possession of the premises on July 1, 1897, and had been from December 1, 1896. There is a conflict between the testimony of the plaintiff and defendant as to what the original contract was.

The first error complained of by counsel for plaintiff in error is that the court erred in refusing to permit her to prove a new oral contract of lease, which she claims she entered into with the plaintiff, Curran, on or about July 1, 1897.

At that time Mrs. Schneider was in possession of the premises and had been in possession of them since the first of December prior, under an oral contract. No written contract, no memorandum in writing, was ever executed between these parties. As I have said, she claimed that about July 1, 1897, she entered into another oral contract, with Mr. Curran. The business was carried on through her son, Rudolph Schneider, who acted as her agent and who made the original contract with Mr. Curran, and after various questions had been put to Mr. Rudolph Schneider, when he was upon the witness stand, and the court had ruled upon them —it being the purpose of counsel to show that on the first of July, 1897, a new contract was entered into between these parties—counsel for Mrs. Schneider asked this question: "What other conversation did you have with him?" Referring to Mr. Curran. Objection was made to the

Schneider v. Curran.

question and was sustained.   Mr. McClelland, counsel for Mrs. Schnei-
der, then stated:   "I offer and expect to prove by the answer to this
question, if the witness were permitted to answer, that Mr. Curran and
he, as the agent of the plaintiff, entered into a verbal agreement to hold
the premises with a verbal lease for one year from July 1, 1897, with the
understanding that on thirty days' notice by either party, verbally, the
lease could be terminated, and that the rent was thereupon paid for the
month of August, 1897."   The court still sustained the objection; and
to the ruling of the court refusing the defendant the right to prove this
new verbal lease, the defendant duly excepted,. and this is one of the
errors which is complained of here.

The claim of the defendant in error, plaintiff below, is that this
contract was within the statute of frauds; that it was a contract to con-
vey an interest in real estate; that to take it out of the statute of frauds,
there must be a new taking possession, or some act equivalent to that;
that the transaction comes within sec. 4198, Rev. Stat., which provides
that "No lease, estate, or interest, either of freehold or term of years, or
any uncertain interests of, in or out of lands, tenements or heredita-
ments, shall be assigned, or granted, except by deed, or note in writing,
signed by the party so assigning or granting the same, or his agent
thereunto lawfully authorized, by writing, or by act and operation of
law."   Now, Mrs. Schneider at the time was in possession of these premi-
ses, at the time it was claimed that this new contract was made, she had
she had taken possession of them in December prior.   There was no offer
to prove any new possession; there was no offer to show any fact that would
indicate that she thereafter remained in possession by virtue of any new
contract.   She remained until February or the last of January following.
Her possession thereafter was referable to the first contract, as well as .to
any contract made on July 1, 1897, or that might have been made.   It
is the well settled law of Ohio, that such a contract as the one offered to
be shown in this case is within the statute of frauds; and, to take it
out of the statute, a new possession must be shown; and, therefore, the
court of common pleas did not err in refusing to permit the defendant
below to prove the verbal contract that she offered to prove.   The lead-
ing case in Ohio upon this question, and which has been cited with
approval a great many times, in the decisions of the Supreme Court, is
Armstrong v. Kattenhorn, 11 Ohio, 265.   The syllabus of the case is:

"A parol contract for a lease between landlord and tenant in posses-
sion, under a prior lease, is within the statute of frauds; unless possession.
be held solely under, and in performance of, the parol contract, the terms
of holding clearly indicating the possession to be under the subsequent
parol lease."

And on page 272, the court say:   "Possession must give the con-
tract life, and if they can possibly be separated, the parol agreement per-
ishes under the operation of the statute.

"Hence, if the possession can be referred to any other source than the
parol contract, which it is claimed to support, even to the wrongful act
of the party in possession, or to a different contract, the statute applies."

In Crawford and Murray v. Wick, 18 Ohio St., 190, the Supreme
Court say:

"A parol contract for a new or supplemental lease between a land-
lord and his tenant, in possession under a former and subsisting lease, is
within the statute of frauds; and the continued possession of the tenant

does not take the parol contract out of the operation of the statute, where the continued possession of the tenant is as well referable to the first lease as to the second parol lease."

And in Myers v. Croswell, 45 Ohio St., 543, at 547 and 548, the old case of Armstrong v. Kattenhorn, *supra*, is referred to and cited with approval and the law laid down substantially as it is in that case.     And it is stated again in a recent case, B. & O. Ry. Co. v. West, 57 Ohio St., 161, and in Gladwell v. Holcomb, 60 Ohio St.; 427.    So that it seems, under the well settled law of this state, whatever the law may be else-where, that this new contract, which was sought to be shown, was within the statute of frauds; and that, no new possession having been taken by Mrs. Schneider, so as to take it out of the statute, was void; she remain-ing in posssession as she had before and paying the same rent until the following February; and that, therefore, the court of common pleas did not err in sustaining the objection and excluding the testimony offered, of a new verbal contract of lease.

The plaintiff in error further complains that the court of common pleas erred in finally directing a verdict for the plaintiff.    At the close of the testimony of the parties, the court of common pleas directed the jury to return a verdict for the plaintiff for the full amount claimed; to which an exception was taken, and which is complained of here as error. It was claimed by Mrs. Schneider that on the last day of January, 1898, she surrendered the premises; that she offered to give up the key to Mr. Curran; that he refused to accept it, and it was sent to him by mail the next day.    The court of common pleas said: "He did not accept of any surrender, but she held over, and by such holding over is chargeable with the rent here in question;" and, therefore, finally instructed the jury to return a verdict for the full amount in favor of the plaintiff. There was a conflict in the testimony between plaintiff and defendant, as to what the contract was, the original contract of lease.    The plaintiff claimed, as I have stated, that the original contract was a lease from December 1, 1896, until December 1, 1897, with the further agreement that if thirty days' notice was not given by Mrs. Schneider, the contract of lease was to continue for one year longer, to July 1, 1898; and the plaintiff testified to this, substantially, upon the witness stand.    The defendant called Rudolph Schneider, her son, and who conducted this business for her as her agent, and he denies that the contract was as claimed by the plaintiff.    He says, on page 11 of the record:

"I went up to Mr. Curran's the latter part of November—a few days before Thanksgiving, I think it was—and looked at the house.   I wanted to rent it.   He said the rent was thirty dollars a month.   He wanted to make a lease, and I said : 'Well, I can't make no lease; I don't know how long I will stay.'   I says : 'I will tell you what I will do with you; I will lease the house from the first of July, 1896, until the first of July, 1897, and with the conditions that either one of us couldn't break the lease; that is, we couldn't break it, nor he couldn't put us out; and if we wanted to move out we could not at any time until the first of July, and if he wanted to put us out he could not, but we were there to stay," and he says that after some negotiations and talking with his mother, they finally closed the contract of lease with the plain-tiff upon these terms.

On page 12, of the record, he was asked this question:

"Was there anything said by either of you with reference to keep-ing the house until July 1st, or provision that if you gave thirty days'

notice before July 1, 1897, that you could move out, and if you didn't, that you would hold it for another year—was there anything of that kind said by either of you?

And he answers: "There was nothing said about thirty days' notice before that."

He is asked then:

"Was there anything said in December, 1896, either by you or by Mr. Curran, with reference to your holding the house after July 1, 1897, for another year?

And he answers: "There was nothing said and we didn't make any agreement to give him any thirty days' notice. When the first of July came we had the privilege of moving out whether we gave thirty days' notice or not.

On page 21 of the record, on cross examination, he is asked:

"In other words, he made you a verbal lease for seven months, you now say—that was the bargain, was it?" A. "Until the first of July, yes."

Q. "For seven months?" A. Yes, sir."

It will be seen from this, that the testimony of plaintiff and defendant was in conflict, as to what the original contract was, and this was the condition of the testimony under which the court directed the jury to return a verdict for the plaintiff, for the full amount of the rent for the month of February, 1898. Rudolph Schneider, the witness called, testified that they moved out of this house on the last day of January, 1898, before the commencement of the month of February; that they paid the rent during the whole time they occupied the house, and it is admitted that the rent was paid to February 1, 1898.

This oral contract which the defendant offered to show, as I have said, was clearly within the statute of frauds; she was holding over beyond her original term, according to the claim of the defendant, the original term being seven months. No new contract had been made in the contemplation of law. She had held over beyond her term. The landlord might treat her, under the law of Ohio, either as a trespasser or as a tenant. When he accepted the rent, in August, 1897, he elected to treat her as a tenant, and she continued to be his tenant until she moved out. So, as the court below found, she was holding over.

But, under this testimony, ought the court to have instructed the jury to render a verdict for the plaintiff for the rent for the month of February, 1897? It will be noticed that the defendant claims that the original contract was for seven months only—from the first of December to the first of July, 1897; and it will be noticed further, according to the testimony of the defense, that after the first of July, 1897, the defendant occupied this house for exactly seven months; the same term as the original lease, according to the testimony of Rudolph Schneider, who made the contract. Curran claims they occupied the house one day longer—until February 1. On the first of January, 1898, Rudolph Schneider notified Mr. Curran that they would no longer occupy the house. Mr. Curran objected to their leaving and claimed that they had leased for the remainder of the year. Mr. Schneider testifies that on the last day of January, 1898, they left the house, Curran refusing to accept the key, and they mailed the key to him. So that this holding over, according to the claims of the defendant, and the occupancy of this house, according to the contract as claimed by her, was for exactly the same term as the original term, and if the contract originally was for

seven months only, as claimed by her, in our judgment, if she held over, she would only be liable for the same term, to-wit, that of seven months; that, therefore, the court erred in instructing the jury, under this conflict in the testimony, to return a verdict for the plaintiff for the full amount claimed.

Upon this question I call attention to Wood's Landlord and Tenant, page 65: '

"Where the letting is by the day, week, month, or quarter, as a specific rent for the specific term, the letting is a daily, weekly, monthly or quarterly tenancy, according to the circumstances."

And again, on page 76:

"If, when premises are let for a year, or from year to year, the tenant holds over, the landlord may elect to treat him as a tenant from year to year, or when the renting is for a shorter period, and the tenant holds over, he will be deemed to hold upon the terms upon which he entered, and the landlord may recover rent of him according to the terms of the original contract or lease."

In the 40 Indiana, page 521:

"Ordinarily, the tenant's holding over and the acceptance of rent by the landlord create by implication a new tenancy, of the same character, annual, quarterly, monthly, and upon the same conditions as the previous tenancy."

Gladwell v. Holcomb, 60 Ohio St., 427, 436:

"As the assent of both parties is necessary to the creation of this new contract at the beginning of each year, it is obvious that if the tenant chooses not to hold over, and vacates the premises at the end of any year, the tenancy ceases without liability for rent for the ensuing year, though no notice of his intention be given, as certainly as it does upon the expiration of a lease expressly made for a specific term."

And we think the same rule would apply where the term was for less than a year.

In the 98 Indiana, page 50:

"When a tenant for a fixed period less than one year remains in possession beyond that period, with the consent express or implied of the landlord, it creates a tenancy for another term equal in time to the one under which he had previously held, and, in the absence of an agreement to the contrary, upon the same terms and conditions."

It seems very clear that this must be the rule, both upon reason and authority; that where a tenant is holding for a period less than a year, a quarter, six months, or whatever the period may be, if he holds over, the landlord may elect to treat him as a tenant, not for another year, in all cases, but only for the same term under which he has been holding; that it would be manifestly unjust to hold that the landlord might elect to treat one as a tenant for a year, and hold him for a year's rent, where the original tenancy was perhaps only for a quarter or a half year. Now, the testimony as to what the original contract here was, was conflicting. If the contract was as the plaintiff claimed it to be, then he was entitled to a verdict for the full amount that he claimed, which was one month's rent. If the contract and the facts were as the defendant claimed them to be, then she held over and occupied the premises for seven months, the same length of time as the original term. She had paid the rent for the full seven months. She moved out, according to her claim, on the last day of January, 1898, before the month of Febru-

ary began, and, if her claims are sustained, there was no further liability on her part to pay rent.

We think that these conflicting claims of the parties should have been submitted to the jury, and that the court of common pleas, therefore, erred in instructing the jury to return a verdict in favor of the plaintiff; and, for this error, the judgment of the court of common pleas will be reversed at the cost of the defendant in error.

*Smith & Baker*, for plaintiff in error.

*T. J. McDonnell*, for defendant in error.